UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| CHAD ST. LOUIS, | : | |
| Plaintiff, | : | |
| | : | Civil No. 3:18-cv-1873 (AWT) |
| v. | : | |
| | : | |
| LAMOUNTAIN, et al., | : | |
| Defendants. | : | |
| | : | |

## INITIAL REVIEW ORDER

The plaintiff, Chad St. Louis, is currently incarcerated at Garner Correctional Institution in Newtown, Connecticut and filed this action pro se, pursuant to 42 U.S.C. § 1983. The plaintiff lists two defendants, Correctional Officers Lamountain and Gerish. The plaintiff alleges that the defendants used excessive force against him. The court received the complaint along with the filing fee on November 15, 2018.

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. This requirement applies both when the plaintiff pays the filing fee and when he proceeds in forma pauperis. See Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "'A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  However, notwithstanding this liberal interpretation, a pro se complaint will not survive dismissal unless the factual allegations meet the plausibility standard. See, e.g., Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 387 (2d Cir. 2015).

## I.   Factual Allegations

On March 8, 2018, the plaintiff was experiencing chest pains, anxiety and sweating.  After two hours, he was brought to

the medical unit at MacDougall-Walker Correctional Institution.
The plaintiff did not like the nurse's responses to his
questions.  In addition, defendant Lamountain was verbally
abusing him.  The plaintiff raised his voice and told defendant
Lamountain to shut up and not speak to him that way.  The
plaintiff told the nurse that he wanted to return to his cell.
He got up and left the medical unit.

While defendant Lamountain was holding him, the plaintiff
saw defendant Gerish walk through the infirmary door toward the
plaintiff.  As the plaintiff moved to his right, his sleeve was
caught on the infirmary door handle.  The plaintiff stopped.  As
he was saying that his sleeve was caught, defendant Lamountain
picked him up and slammed him to the floor.  Defendant Gerish
forcefully pushed his knee into the plaintiff's back.

Defendant Lamountain called a code.  When the officers
responded, the plaintiff was picked up, pushed against the
infirmary door, handcuffed behind his back, and taken to the
restrictive housing unit.  The officers ignored the plaintiff's
claim that he did nothing wrong and that surveillance footage
would show that his sleeve was caught on the door.

In the restrictive housing unit, the plaintiff was placed
in in-cell restraints, consisting of shackles and handcuffs
connected with a tether chain.  His condition was monitored
every fifteen minutes.  The plaintiff complained to several

3

officers that he was experiencing chest pains, his ribs hurt, and his handcuffs were too tight.  They ignored his complaints.

The plaintiff was released from in-cell restraints about 10:15 a.m. on March 9, 2018.  The nurse checking his restraints before his release noted that the handcuffs were too tight and had rubbed the skin on his wrists raw.  The nurse ordered the restraints loosened.

## II.  Analysis

The plaintiff contends that the defendants used excessive force against him and committed the state law torts of assault and battery.  In the introduction to the complaint, the plaintiff states that he seeks declaratory and injunctive relief under Title II of the Americans with Disabilities Act, and cites the Americans with Disabilities Act, the Rehabilitation Act, and 42 U.S.C. §§ 1983, 1985 and 1986.

### A.  Excessive Force

The use of excessive force against a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment regardless of the severity of the injury suffered by the prisoner.  See Hudson v. MacMillian, 503 U.S. 1, 4 (1992); accord Wilkins v. Gaddy, 559 U.S. 34, 34, 36 (2010) (per curiam).  The "core judicial inquiry" is "not whether a certain quantum of injury was sustained but rather whether force was applied in a good faith effort to maintain or restore

4

discipline, or maliciously and sadistically to cause harm."
Wilkins, 559 U.S. at 37 (quoting Hudson, 502 U.S. at 7)
(internal quotation marks omitted).

An excessive force claim has objective and subjective
components.  See Hudson, 503 U.S. at 8.  Objectively, the court
considers the amount of force used and whether that force is
repugnant to the conscience of mankind.  Id. at 9-10.
Subjectively, the court must determine whether the correctional
officer had a "wanton" state of mind when applying the force.
Id. at 8.  In evaluating these components, the court considers
the extent of any injuries suffered by the inmate, the need for
application of force, the relationship between that need and the
amount of force used, the threat reasonably perceived by the
correctional officers involved in the use of force, and any
efforts made to temper the amount of force used.  See Hudson,
503 U.S. at 7.

The plaintiff alleges that defendant Lamountain slammed him
to the floor and defendant Gerish forcefully pushed his knee
into the plaintiff's back.  The plaintiff alleges that the
defendants used force because he stopped walking when his sleeve
was caught.  The court concludes that these allegations are
sufficient to support an inference that the force used was
excessive and done maliciously.  The excessive force claim will
proceed.

5

B.   **Americans With Disabilities Act & Rehabilitation Act**

The plaintiff references both the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a).  The standards for determining whether the plaintiff states a claim under the ADA and the RA are almost identical.  The only difference in the statutes is that the RA applies to entities receiving federal financial assistance, and Title II of the ADA applies to all public entities.  See Messier v. Southbury Training Sch., 562 F. Supp. 2d 294, 320 & n.13 (D. Conn. 2008).  This difference in the two statutes is not relevant to the analysis here.  See Super v. J. D'Amelia & Assocs., LLC, No. 3:09-cv-831(SRU), 2010 WL 3926887, at *13 (D. Conn. Sept. 30, 2010) (explaining that Connecticut's continued acceptance of federal funds constitutes a waiver of its immunity from suit under § 504 of the RA).  The discussion below, although referencing only the ADA applies to both the ADA and RA claims.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 12132. This provision applies to state prisoners.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998).  The statute is

6

intended to "eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied." Doe v. Pfrommer, 148 F.3d 73, 62 (2d Cir. 1998).

To state an ADA claim, the plaintiff must allege facts showing that he is a qualified individual with a disability, that he was excluded from or denied benefits of a service, program or activity, or otherwise discriminated against, and that the denial or discrimination was due to his disability. Phelan v. Thomas, 439 F. App'x 48, 50 (2d Cir. 2011) (quoting Hargrave v. Vermont, 340 F.3d 27, 34-35 (2d Cir. 2003)).  The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

The determination whether an individual is disabled should be made without considering ameliorative effects of medication or assistive devices.  See 42 U.S.C. § 12102(4)(E).  When analyzing these claims, "courts have been careful to distinguish impairments which merely affect major life activities from those that substantially limit those activities." Troeger v. Ellenville Cent. Sch. Dist., 523 F. App'x 848, 852 (2d Cir. 2013) (citation and internal quotation marks omitted); see Ryan v. Grae & Rybicki, 135 F.3d 867, 870 (2d Cir. 1998) ("Although almost any impairment may, of course, in some way affect a major life activity, the ADA clearly does not consider every impaired

person to be disabled.").

The plaintiff alleges no facts suggesting that he is disabled within the meaning of the ADA.  Nor does he allege that he was discriminated against because of a disability.  Rather, the plaintiff alleges that the defendants used excessive force against him because he stopped walking when his sleeve was caught on the door handle.  Because he fails to allege facts supporting a plausible ADA or RA claim, these claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**C.   42 U.S.C. §§ 1985 & 1986**

The plaintiff states that he also brings this action under 42 U.S.C. §§ 1985 and 1986.  However, the complaint fails to allege facts to support a cognizable claim under either statute. Section 1985 contains three sections.  As the plaintiff includes a general reference that the defendants' violated his right to equal protection of the laws, the court assumes that the reference to Section 1985 is intended to mean Section 1985(3), which prohibits conspiracies motivated by racial or otherwise class-based invidious discriminatory animus.  Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007), rev'd on other grounds sub nom. Ashcroft v. Iqbal, 556 U.S. 62 (2009).  Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or any other constitutional right.  Griffin v. Breckenridge, 403

U.S. 88, 101-02 (1971).  The plaintiff makes no reference to race or any other class in his complaint.  Thus, he fails to state a plausible section 1985(3) claim.  The section 1985 claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Section 1986 provides no substantive rights; it merely provides a remedy for the violation of section 1985.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part).  Thus, a prerequisite for an actionable section 1986 claim is a cognizable section 1985 claim.  Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000), overruled in part on other grounds by Gonzaga Univ. v. Doe, 536 U.S. 273 (2002).  Because the plaintiff has not asserted a cognizable section 1985 claim, his section 1986 claim fails and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**D.  Declaratory Relief**

In addition to damages, the plaintiff seeks a declaration that the defendants violated his constitutional rights. Declaratory relief operates prospectively.  It is intended to enable parties to adjudicate claims before either party suffers significant damages.  Orr v. Waterbury Police Dep't, No. 3:17-cv-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018) (citations omitted).  In Orr, the court dismissed the request for declaratory relief because it related only to past actions.

9

Similarly, the plaintiff seeks a declaration relating to past actions.  Thus, the request for declaratory relief is dismissed.

## III. Conclusion

The court enters the following orders:

Any claims under the Americans with Disabilities Act, the Rehabilitation Act, and 42 U.S.C. §§ 1985 and 1986, and the request for declaratory relief are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on the federal excessive force claim and the state law assault and battery claims against the defendants in their individual capacities.

The court enters the following orders:

(1)  The Clerk shall contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for defendants Lamountain and Gerish, mail a waiver of service of process request packet containing the Complaint to each defendant at the address provided within twenty-one (21) days of this order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

10

(2)   The Clerk shall send the plaintiff a copy of this order.

(3)   The Clerk shall send a courtesy copy of the Complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)   The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver forms are sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(5)   Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(6)   All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)   If the plaintiff changes his address at any time

11

during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address.  The plaintiff should also notify the defendants or the attorney for the defendants of his new address.

(9)  The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  The plaintiff is advised that the Program may be used only to file documents with the court.  Local court rules provide that discovery requests are not filed with the court.  D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

It is so ordered.

Signed this 30th day of January 2019 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge
